UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH MOSSMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-007 RM |
| | ) | |
| DENTAL ENTERPRISES and | ) | |
| JEFF MAKI, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

On February 25, defendants Dental Enterprises and Mr. Jeff Maki filed an amended motion to dismiss the complaint under FED. R. CIV. P. 12(b)(1) and 12(b)(6). The motion alleges Mr. Kenneth Mossman's complaint states a claim not within the court's jurisdiction and also fails to state claims upon which relief can be granted. For the following reasons, the court denies the defendants' motions.

STANDARDS OF REVIEW

A motion under FED. R. CIV. P. 12(b)(1) asserts the court's lack of power to address an alleged injury, while a motion under FED. R. CIV. P. 12(b)(6) attacks the sufficiency of a particular claim.

Rule 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself

that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the action. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).

In ruling on a motion brought under Rule 12(b)(1), the court may, but need not accept the truth of the allegations in the complaint, and it may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *See* Bastien v. AT&T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000); *see also* Long v. Shorebank Dev. Corp., 182 F.3d 548 (7th Cir. 1999) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (quotations and citations omitted)).

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001). A Rule 12(b)(6) motion may be granted as to part of a complaint and denied as to the rest. *See* Decker v.

Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982); Elliott v. State Farm Mut. Auto. Ins. Co., 786 F. Supp. 487, 489 (E.D. Pa. 1992).

The parties' burdens under Rule 12(b)(1) differ from those imposed by a motion to dismiss brought under Rule 12(b)(6). Under a Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See* Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). Under a Rule 12(b)(6) motion, the defendant bears the burden of proving the plaintiff has not alleged a claim upon which relief can be granted. Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

### Rule 12(b)(1) Motion

The complaint alleges Dental Enterprises and Mr. Maki violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (count I) and Indiana law (count II) arising out of Mr. Mossman's employment, discharge, and subsequent job search. Mr. Mossman asserts the court has jurisdiction over his Title VII claim pursuant to 28 U.S.C. § 1331 and over his Indiana law claims pursuant to 28 U.S.C. § 1367. Dental Enterprises and Mr. Maki argue the court doesn't have jurisdiction over count II because the state law claim is not part of the same case or controversy as his Title VII claim.

As to count I, Dental Enterprises and Mr. Maki seem to argue Mr. Mossman's Title VII claim is so "insubstantial" that it does not arise under federal

3

law. 28 U.S.C. § 1331 confers jurisdiction to "all civil actions arising under ... laws ... of the United States." 42 U.S.C. § 2000e-2 is a federal statute, so Mr. Mossman's Title VII claim arises under the laws of the United States.

Count II of Mr. Mossman's complaint alleges that Dental Enterprises and Mr. Maki engaged in defamation and other actions in violation of Indiana law. In a civil action in which the court has original jurisdiction (as this court has over count I), 28 U.S.C. § 1367 provides that the court shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

When deciding whether to exercise supplemental jurisdiction, courts must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999) (*quoting* City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997)).  "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." United Mine Workers v. Gibbs, 383 U.S. at 725.

Dental Enterprises and Mr. Maki argue the facts, law, witnesses, and injuries at issue in count I and II are so different as to not be from the same nucleus of operative fact. These differences could lead to confusion of the issues, and if the two claims were separated it would be faster, cheaper, and more conducive to clarity for the fact-finder. Alternatively, the defendants argue Mr. Mossman's Title VII claim is not substantial, and thus the court does not have power to hear the claims brought under Indiana law.

Mr. Mossman responds that on its face, the complaint alleges what is necessary to confer jurisdiction – that a series of actions by the defendants violated both federal and state law. Moreover, when (for Rule 12(b)(1) purposes only) one looks at the underlying facts in the case, it becomes clear that both counts derive from the same facts: Mr. Mossman engaged in protected activity, he was discriminated against and/or illegally discharged for doing so, and after he sought a new position elsewhere, the defendants disparaged him based on his protected conduct.

Mr. Mossman's response is well-taken. The well-pleaded complaint outlines both the law and the common facts upon which Mr. Mossman brings his claim. The alleged facts supporting the Title VII claim (which the court already determined is "substantial" for jurisdictional purposes) form the foundation of the Indiana law claims. Mr. Mossman has a reasonable expectation to litigate these claims in one action, and the court does not agree that the possibilities of confusion or undue delay justify dismissal of the state claims. The court has

5

original and supplemental jurisdiction to preside over both count I and count II of Mr. Mossman's complaint.

RULE 12(B)(6) MOTION

Dental Enterprises and Mr. Maki attacks the sufficiency of Mr. Mossman's complaint under Rule 12(b)(6). They assert Mr. Mossman was not an employee of Dental Enterprises, that Mr. Mossman relies only on conclusory statements to substantiate his claims, and that Dental Enterprises does not meet the 15-employee threshold for application of Title VII.

The defendants demand more of the complaint than the rules require. For Mr. Mossman's complaint to survive a motion to dismiss, he need not include all the facts or law showing he can prevail on his claim. FED. R. CIV. P. 8(a); Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

The defendants also unsuccessfully rely on Papa v. Katy Indus., Inc., 166 F.3d 937 (7th Cir. 1999) to invoke the "few-employees" exemption to Title VII. The Papa court relied on specific factual analyses to determine dismissal was appropriate for summary judgment, not for dismissal at the pleadings stage when the facts of the complaint are to be taken as true. Papa v. Kay Indus., Inc., 166 F.3d at 943 ("Although the defendants in Papa's case had tendered their argument for the few-employees exemption in a motion for summary judgment, the district judge, thinking the issue jurisdictional, converted it to a Rule 12(b)(1) motion (motion to dismiss for want of subject-matter jurisdiction) and proceeded to find

6

facts rather than merely to decide whether there was a genuine issue of material fact, which is the determination called for by a motion for summary judgment. The judge was wrong; the issue is not jurisdictional."). This distinction renders Papa inadequate as a basis for dismissing the complaint.

CONCLUSION

For the reasons set forth above, the court DENIES the defendants' motion to dismiss [Doc. Nos. 12 & 13]. In light of this ruling, the court LIFTS the stay on discovery ordered by the court on April 5.

SO ORDERED.

ENTERED: May 9, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court